Notice of Removal with
Verified Affidavit by *kellee baker*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR MORTGAGE IT TRUST 2004-1<br>*Plaintiff*<br><br>v.<br><br>KELLEE BAKER<br>*Defendant* | Case: 1:19-cv-01683<br>Assigned To : Lamberth, Royce C.<br>Assign. Date : 6/5/2019<br>Description: Pro Se General (F-Deck)<br><br>[formerly Superior Court of the District of Columbia Case No:2017 CA 000093 R(RP)] |

# NOTICE OF REMOVAL
## with Verified Affidavit

Defendant, KELLEE BAKER, by and through her Administrator Kellee Baker, hereby removes Case No. 2017 CA 000093 from the Superior Court for the District of Columbia, to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1331, 1441, 1444 and 1446, and as grounds for its removal states as follows with verified affidavit:

### BRIEF STATEMENT OF THE CASE

1. Plaintiff does business in the State of New York.

2. Defendant does business in the District of Columbia.

3. Plaintiff made a claim of $417,129.19 against Defendant based on a security.

4. Defendant, by and through its Administrator, has previously settled and satisfied the claim amount with the original lender, the company that claims to be the servicer for Plaintiff and the Superior Court for the District of Columbia.

5. Plaintiff continues to pursue this settled and satisfied claim in violation of various federal laws, listed below under Subject Matter Jurisdiction.

1

## SUBJECT MATTER JURISDICTION

6. I appoint this Court jurisdiction to administer over this matter, in which it is eligible due to Plaintiff invoking a claim regulated by the Uniform Commercial Code and Plaintiff's violations of various federal laws, including, but not limited to 18 U.S.C. §§ 1341-1342, 18 U.S.C. § 2, 15 U.S.C. §§ 1692-1692n (Fair Debt Collection Practices Act), and 15 U.S.C. §§ 1601-1616 (Consumer Credit Cost Disclosure). Based on Plaintiff's actions, the United States must be added as a party to this action.

Defendant will add the following people to this action:

  i. United States as a party to this action pursuant to 28 U.S.C. § 2410
  ii. Clerk of the Superior Court for the District of Columbia
  iii. Mortgage IT
  iv. Computershare Holdings, Inc. d/b/a Specialized Loan Servicing LLC
  v. Jeffrey Nadel
  vi. Scott Nadel
  vii. Daniel Mendel

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

7. A true and correct copy of the original complaint have been filed with this Notice of Removal and any other documents filed in the Superior Court of the District of Columbia will be filed within 30 days of the filing of this Notice of Removal.

8. This Notice of Removal has been filed within 30 days of the date that Defendant was handed the Complaint in this matter. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

9. Venue is proper because the U.S. District Court for the District of Columbia is the federal judicial district embracing the Superior Court for the District of Columbia where the Complaint was originally filed.

## CONCLUSION

By this Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses, objections or counter-claims it may have to this action. Defendant intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions, pleas, and/or counter-claims.

## VERIFICATION

Verified Affidavit

*Greetings, Comes All, Known By These Presents:*

*TO SAID COURT CLERK (references to Clerk in this affidavit reference the Clerk of the Superior Court of the District of Columbia), I declare this Affidavit as Declaration for credits are true and correct due to first-hand knowledge. Affiants here now presents this affidavit in said [c]ourt for decree to said [c]lerk as fiduciary for state by a bona fide power of appointment for taxpayers. Being registered administrator, attorney in fact oversees all matters for name d/b/a*

3

*KELLEE BAKER et.al., hereafter; Please take notice hereafter administrator appoints Clerk to give notice for all claims that credit was delivered, in the book-entry by my application for a gift credit to accounts listed within this instrument as charged. Pay to the order: United States Treasury received and book entry credit ledger in transcript of "taxpayer account" Department of Treasury Internal Revenue Service for KELLEE BAKER xxxxx6848 accepts for the United States of America with honor by "full faith and credit" as follows:*

1) *Verification of Credit in account via United States Postal Service certified and delivered as (acceptance/ received January 7, 2019 by Agents Leon Roy acceptance as signature of endorsement as: 7018 1830 0001 5738 5577 for credit due sum amount $ 417,129.19 for 2017CA93RRP plus services for face instrument [$ 349,800.00] private contracts)*

Furthermore, as you know our systems of credits/debts provide the necessary standards for the pledges of the state, government obligations for weights and measures in fundamental in commerce. According to such protection of "good faith" it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States of America.

To wit: "A national Bank cannot lend its credit to another by becoming surety, endorser, or guarantor for him, such an act being ultra vires," *Merchant's Bank of Valdosta v. Baird* 160 F. 642.

Based on the foregoing, as administrator of KELLEE BAKER, I hereby: the entity(s) without proof of claim which trespass on my estate I accept their offer to settle as fiduciary along with clerk to oversee full settlement of "public debt" pay to order of United States Treasury;

which the following notices shall be delivered to all interested collections company, agents or representatives.

*Thank you for your compliance,*

By: ......*[signature: Kellee Beck]*......
Authorized Representative

*Consummatum est, Fiat*

## Affidavit of Mail by Certificate of Service

I HEREBY CERTIFY that a copy of the Notice of Removal with Verified Affidavit was sent via certified mail, return receipt, postage prepaid on June 3, 2019 to:

U.S. District Court for the District of Columbia
333 Constitution Avenue N.W., Civil Division
Washington D.C. 20001

Office of Clerk Superior Court
Of The District of Columbia
500 Indiana Avenue NW
Washington, DC  20001

The Law Offices of Jeffrey Nadel
4041 Powder Mill Road, Suite 415
Calverton, MD 20705

By: *[signature]*
Kellee Baker, Administrator

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR MORTGAGE IT TRUST 2004-1**<br>*Plaintiff*<br><br>v.<br>**KELLEE BAKER**<br>*Defendant* | Kellee Baker, Administrator<br>d/b/a KELLEE GENEAN BAKER<br><br><br>Case No:2017 CA 000093 R(RP)] |

## NOTICE OF FILING OF NOTICE OF REMOVAL

TAKE NOTICE THAT, on June 3, 2019, KELLEE BAKER, by Administrator Kellee Baker, filed a Notice of Removal, pursuant to 28 U.S.C. §§ 1331, 1441, 1444 and 1446, removing the above-captioned action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. A true and correct copy of the Notice of Removal with Verified Affidavit is attached hereto.

TAKE FURTHER NOTICE, that upon the filing of the Notice of Removal with the Clerk of the United States District Court for the District of Columbia, KELLEE BAKER has effected removal and the Superior Court shall proceed no further in this action unless and until the action is remanded pursuant to 28 U.S.C. §§ 1446(d), *unless the Clerk of this Court does what he is appointed and instructed to do regarding Kellee Baker's instructions for credit and dismissal.*

*Thank you for your compliance,*

By: *Kellee Bak* (signature)
Authorized Representative

*Consummatum est, Fiat*

1

## Affidavit of Mail by Certificate of Service

I HEREBY CERTIFY that a copy of the Notice of Removal with Verified Affidavit was sent via certified mail, return receipt, postage prepaid on June 3, 2019 to:

U.S. District Court for the District of Columbia
333 Constitution Avenue N.W., Civil Division
Washington D.C. 20001

Office of Clerk Superior Court
Of The District of Columbia
500 Indiana Avenue NW
Washington, DC  20001

The Law Offices of Jeffrey Nadel
4041 Powder Mill Road, Suite 415
Calverton, MD 20705

By: *Kellee Baker* (signature)
Kellee Baker, Administrator

DISTRICT OF COLUMBIA SUPERIOR COURT
CIVIL BRANCH
500 Indiana Avenue, N.W.
Washington, D.C. 20001

| | |
|---|---|
| Deutsche Bank National Trust Company, as Indenture Trustee for Mortgage IT Trust 2004-1<br><br>c/o Law Offices of Jeffrey Nadel<br>4041 Powder Mill Road, Suite 415<br>Calverton, MD 20705<br><br>Plaintiff<br><br>Kellee Baker<br>29 Florida Avenue Northwest<br>Washington, DC 20001<br><br>Defendant(s) | Case Number. _____<br><br>Judge Assigned:<br>Next Event: |

## COMPLAINT FOR JUDICIAL FORECLOSURE SALE
### ACTION INVOLVING REAL PROPERTY

Plaintiff, Deutsche Bank National Trust Company, as Indenture Trustee for Mortgage IT Trust 2004-1 ("Plaintiff"), by counsel, files this Complaint for judicial foreclosure under D.C. Code § 42-816 against Defendant(s) Kellee Baker, Kellee Genean Baker ("Defendant(s)") and in support thereof states as follows:

### PARTIES AND JURISDICTION

1. Kellee Baker is/are the record owner of the real property located at 29 Florida Avenue Northwest, Washington, DC 20001, (the "Property"), by virtue of a deed recorded with the Recorder of Deeds, a copy of which is attached hereto as <u>Exhibit A</u>
2. The Property is located within the District of Columbia.
3. Plaintiff is the beneficiary of a Deed of Trust, which is secured by the Property.
4. The Court has personal jurisdiction over Defendant(s).
5. Jurisdiction in this Court is proper under D.C. CODE § 11-921.

### FACTS

6. Plaintiff incorporates the preceding allegations as if fully set forth herein.

LAW OFFICES OF
JEFFREY NADEL
4041 POWDER MILL ROAD
SUITE 415
CALVERTON, MD 20705
240-473-5000
FILE NUMBER: 20714

1

7. On July 15, 2004, Mortgageit, Inc., loaned Defendant(s) Three Hundred Forty-Nine Thousand, Eight Hundred and 00/100 Dollars ($349,800.00) (the "Loan"), and Defendant(s) executed a promissory note (the "Note"), reflecting the Loan's terms. A copy of the Note is attached hereto as Exhibit B

8. To secure repayment of the Note, Defendant(s) executed a deed of trust (the "Deed of Trust"), dated July 15, 2004, encumbering the Property and recorded in the land records of the District of Columbia as Instrument Number 2004121793; said Deed of Trust was re-recorded on October 18, 2005 in Instrument Number 2005149405. A copy of the Deed of Trust and re-recorded Deed of Trust is attached hereto as Exhibit C

9. Plaintiff is the current beneficiary of the Deed of Trust. A copy of an assignment of the Deed of Trust to Plaintiff is attached hereto as Exhibit D

10. Plaintiff is the current holder of the Note and beneficiary of the Deed of Trust. Plaintiff further asserts that it has the right to foreclose and the basis for such assertion is the secured party's ownership/holding of the Note and/or Deed of Trust.

## COUNT ONE
### (Judicial Foreclosure Sale)

11. Plaintiff incorporates the preceding allegations as if fully set forth herein;

12. On or about March 1, 2012, Defendant(s) defaulted under the terms of the Note and Deed of Trust by failing to make the required monthly payments.

13. On or about April 22, 2015 pursuant to the Deed of Trust, Plaintiff effectuated the mailing of a demand letter to Defendant(s) stating the total amount needed to cure the default. A copy of the demand letter is attached hereto as Exhibit E

14. Defendant(s) failed to cure the default, and therefore, pursuant to the terms of the Deed of Trust, the loan was accelerated.

15. As of July 6, 2016 Defendant owes $417,129.19 to Plaintiff under the Note, exclusive of any costs or fees incurred herein. See pay off attached hereto as Exhibit F

16. Interest, taxes, insurance, and other elements of the debt continue to accrue.

17. Department of Defense records indicate that Defendant(s) is not on active military duty. A copy of the relevant Department of Defense Manpower Data Center Status Report(s) are attached hereto as Exhibit G

18. Plaintiff appointed Jeffrey Nadel, Scott Nadel and Daniel Menchel as Substitute

LAW OFFICES OF
JEFFREY NADEL
4041 POWDER MILL ROAD
SUITE 415
CALVERTON, MD 20705
240-473-5000
FILE NUMBER: 20714

2

Trustees (the "Substitute Trustees") under the Deed of Trust through a Deed of Appointment of Substitute Trustees recorded in the land records of the District of Columbia. A copy of the executed Appointment of Substitute Trustees is attached hereto as <u>Exhibit H</u>

19. At this time, there are no known title defects or other issues that would preclude a judicial foreclosure.

20. If defects or other issues are discovered in the course of this action, Plaintiff requests that this Court allow Plaintiff to amend the action to include any necessary party to accomplish complete justice.

21. D.C. Code §42-803 defines a deed of trust as follows: "The legal estate conveyed …to a trustee to secure a debt… shall be construed and held to be a qualified fee simple, determinable… by judicial decree for the causes hereinafter mentioned."

22. D.C. Code §42-816 confers equitable power upon the Court in considering applications to foreclose any mortgage or deed of trust to "…instead of decreeing that the mortgagor be foreclosed and barred from redeeming the mortgaged property, to order and decree that said property be sold and the proceeds be brought into court to be applied to the payment of the debt secured by said mortgage…"

23. D.C. Code §42-806 permits the court to enter such order and decree as it deems proper to accomplish a foreclosure in equity:

> Where any bill or bills, suit or suits, shall be filed…under or by virtue of any mortgage or mortgages thereof, to compel the defendant or defendants… to pay the plaintiff…the principal money and interest due on any such mortgage… and in default of payment thereof, to foreclose such defendant or defendants of his, her, or their right or equity of redeeming… such equity court… may and shall at any time or times… make such order or decree therein… and all parties to such suit or suits shall be bound by such order or decree so made…

24. The Court is explicitly authorized to take notice of any defenses to the foreclosure by D.C. Code §42-812 and to proceed in equity thereon.

25. Plaintiff is entitled to enforce its Deed of Trust via a judicial foreclosure of the Property.

26. D.C. Code §42-815.02, only applies to a non-judicial foreclosure proceeding under the power of sale clause of the deed of trust, which in this instant case does not apply.

LAW OFFICES OF
JEFFREY NADEL
4041 POWDER MILL ROAD
SUITE 415
CALVERTON, MD 20705
240-473-5000
FILE NUMBER: 20714

3

Specifically the new law L20-0040, titled Saving DC Homes from Foreclosure Clarification and Title Insurance Clarification Amendment Act of 2013 states, "...the act shall not apply to actions for judicial foreclosure under section 95 of An Act to establish a code of law for the District of Columbia, approved March 3, 1901 (31 Stat. 1271, D.C. Official Code § 42-816), or any other judicial foreclosure permitted under existing laws."; *see also*, D.C. Code 42-815.04.

27. Neither mediation nor any mediation certificate is required herein.

28. Plaintiff is willing to participate in a mediation conducted by a neutral third-party mediator if Defendant(s) appears and requests the same.

29. The Substitute Trustees have been appointed as Substitute Trustees for purposes of foreclosure, and have knowledge and experience in the foreclosure field, and upon posting a bond in the amount of $25,000.00 into the Court, they should be authorized to carry out the foreclosure by sending notices of the time, place and terms of the auction to all junior lienholders, owners of record, and occupants, by certified mail, return receipt requested and by first class mail, no more than 30 days and no less than 10 days before the auction in addition to publishing advertisements consistent with the terms of the Deed of Trust and District of Columbia Code, and thereafter selling the property at auction subject to confirmation or ratification by this Court. The publication shall run in a newspaper of general circulation once a week for four consecutive weeks leading up to the auction.

30. Alternatively, the Substitute Trustees may be appointed as Officers of the Court for purposes of selling the Property under SCR-308(b) upon posting a bond in the amount of $25,000.00 into the Court.

31. The Substitute Trustees can appoint an Attorney to appear on behalf of the Substitute Trustees to supervise and attend the sale. The Substitute Trustees may require a purchaser to post a nonrefundable deposit of up to 10% of the price bid in certified funds, may condition the right to bid or acceptance of bids upon a showing of said deposits, and reserve the right to reject any bid made by anyone who does not have the deposit in hand at the auction. The Substitute Trustees shall hold any deposit in a non-interest bearing trust account.

32. The Substitute Trustees may establish additional terms of sale as may be appropriate in their judgment to promote the best price at the auction so long as the same remain

LAW OFFICES OF
JEFFREY NADEL
4041 POWDER MILL ROAD
SUITE 415
CALVERTON, MD 20705
240-473-5000

FILE NUMBER: 20714

4

consistent with, and do not alter, the specific terms and conditions of the Deed of Trust and this Court's Decree.

33. The Substitute Trustees may enter into a contract of sale with the highest qualified bidder subject to ratification by the Court, and any memorandum of sale must indicate that the sale is subject to said ratification.

34. If a Third Party is successful at auction the bond shall be increased to the full amount of the purchase price, which shall be posted prior to ratification by this Court.

35. The Plaintiff should be permitted to submit bid(s) at the sale aforesaid on credit up to the full amount of the debt and all costs incurred under the terms of the Note and Deed of Trust. *See* D.C. Code § 42-817.

36. After the foreclosure sale, the Substitute Trustees will file with the Court a Verified Report of Sale in compliance with SCR-308(b)(4).

37. The Substitute Trustees/Officers appointed to sell the Property are entitled to receive a Trustee's Commission per the Deed of Trust and D.C. Code, and may request the same in the Verified Report of Sale.

38. Unless otherwise ordered at the time of ratification, settlement shall occur by payment of all sums due under the bid in certified funds to the Substitute Trustees within sixty (60) days from the entry of an Order ratifying the Sale. If the purchaser fails or refuses to settle within the allotted time frame, the deposit will be forfeited and the Substitute Trustees may apply the deposit toward costs, fees or their compensation associated with the initial auction and the resale process. Any remaining amount shall be credited to the underlying debt.

39. After the purchaser's funds submitted to the Substitute Trustees have cleared, the Substitute Trustees shall execute and deliver a Trustees' Deed, transferring title to the purchaser. The costs of recording the Deed aforesaid shall be upon the purchaser.

40. Within sixty (60) days of settlement, the Substitute Trustees shall file evidence of the settlement including a copy of the Trustee's Deed, a proposed accounting and distribution of funds, and a proposed order ratifying the distribution. A copy of the aforesaid shall be sent to the borrower and all junior lien holders and must inform them that claims or disputes must be filed within fourteen (14) days or the distribution may be ratified without further hearing.

LAW OFFICES OF
JEFFREY NADEL
4041 POWDER MILL ROAD
SUITE 415
CALVERTON, MD 20705
240-473-5000
FILE NUMBER: 20714

5

41. Any unclaimed funds due to the junior lienholders, owners, or any other party may be identified for payment into the Court registry, and, upon payment thereof, the Substitute Trustees may request a determination that their duties have been discharged and the case be closed with the bond released.

42. Pursuant to the Deed of Trust, Plaintiff is entitled to collect all expenses incurred in pursuing the remedies provided under the Deed of Trust, including, but not limited to reasonable attorneys' fees, filing fees, costs of publication, costs associated with the sale, mailing costs, and the costs of title evidence, proof of which will be submitted in the Verified Report of Sale prior to ratification or confirmation.

43. If any Defendant has been previously discharged in a Bankruptcy case involving this loan and did not sign a reaffirmation agreement, then this action seeks only to foreclose upon the subject property In Rem and does not seek to collect any debt against said Defendant personally or to pursue a deficiency against any discharged Defendant.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court award the following relief:

A. Find Defendant(s) in default of the mortgage obligation.

B. Appoint the Substitute Trustees to act as trustees/officers to sell the Property at a public auction, send appropriate notices, and publish advertisements for same.

C. Order that the Substitute Trustees are empowered to auction the Property on a date and in a manner deemed appropriate, to continue the auction for a period not to exceed thirty (30) days without further leave of court, and to enter into a contract(s) of sale for the Property, which shall be subject to review and confirmation or ratification by this Court.

D. Order that the Substitute Trustees must submit a Verified Report of Sale to this Court within a reasonable time following the auction.

E. Award all appropriate commissions due to the Trustees and Auctioneer as set forth in the Deed of Trust.

F. Order that Plaintiff is entitled to collect from the proceeds of the sale its reasonable attorneys' fees and costs incurred in the instant action.

G. Grant such other relief deemed just and proper.

LAW OFFICES OF
JEFFREY NADEL
4041 POWDER MILL ROAD
SUITE 415
CALVERTON, MD 20705
240-473-5000
FILE NUMBER: 20714

6

Respectfully Submitted:

*/s/ Jeffrey Nadel*

Jeffrey Nadel 955-880
Scott Nadel 488-717
Daniel Menchel 414-851
Law Offices of Jeffrey Nadel
4041 Powder Mill Road, Suite 415
Calverton, Maryland 20705
240-473-5000
jeff@lojnlaw.com
scottnadel@lojnlaw.com
dmenchel@lojnlaw.com
Attorneys for Plaintiff

LAW OFFICES OF
JEFFREY NADEL
4041 POWDER MILL ROAD
SUITE 415
CALVERTON, MD 20705
240-473-5000

FILE NUMBER: 20714

7

## VERIFICATION

I verify under penalty of perjury that I have the authority to verify this particular pleading on behalf of the Plaintiff, and that the facts stated in the pleading are true and correct.

Deutsche Bank National Trust Company, as Indenture Trustee for Mortgage IT Trust 2004-1

By: Specialized Loan Servicing LLC its servicing agent

NOV 1 8 2016

By: Cynthia Wallace

Signature: _____

Title: Second Assistant Vice President

State of ____Colorado____ }

County of ____Douglas____ } ss.

On this 18 day of NOV, 2016, before me, the undersigned officer, personally appeared ____Cynthia Wallace____ who is the Second Assistant Vice President of Specialized Loan Servicing LLC, as servicing agent for Deutsche Bank National Trust Company, as Indenture Trustee for Mortgage IT Trust 2004-1, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within Verification and acknowledged that he/she executed same in his/her capacity as Second Assistant Vice President for the purposes herein contained.

In witness hereof I hereunto set my hand and official seal.

_____
Notary

My commission expires: 10-10-20

```
CHELSEA CAIN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20184038510
MY COMMISSION EXPIRES 10/10/2020
```

LAW OFFICES OF
JEFFREY NADEL
4041 POWDER MILL ROAD
SUITE 415
CALVERTON, MD 20705
240-473-5000

FILE NUMBER: 20714

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR MORTGAGE IT TRUST 2004-1**<br>*Plaintiff*<br><br>v.<br><br>**KELLEE BAKER**<br>*Defendant* | Case: 1:19-cv-01683<br>Assigned To : Lamberth, Royce C.<br>Assign. Date : 6/5/2019<br>Description: Pro Se General (F-Deck)<br><br>[formerly Superior Court of the District of Columbia Case No:2017 CA 000093 R(RP)] |

## NOTICE OF INTERESTED PARTIES

i. United States as a party to this action pursuant to 28 U.S.C. § 2410

ii. Clerk of the Superior Court for the District of Columbia

iii. Mortgage IT

iv. Computershare Holdings, Inc. d/b/a Specialized Loan Servicing LLC

v. Jeffrey Nadel

vi. Scott Nadel

vii. Daniel Mendel

7